UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HAVENBEDRIJF ROTTERDAM N.V.                    CIVIL ACTION

VERSUS                                         NO. 18-6893

NATIONAL CHEMICAL CARRIERS LTD. CO.            SECTION "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss or Transfer (Rec. Doc. 21)** pursuant to the doctrine of forum non conveniens. This motion was filed by the Defendant National Chemical Carriers Ltd. Co. ("NCC"). Plaintiff Havenbedrijf Rotterdam N.A. ("the Port Authority") opposes the motion. The motion, submitted for consideration on August 21, 2019, is before the Court on the briefs without oral argument.

### I.    BACKGROUND

Plaintiff is the Port Authority for the City of Rotterdam and is manager, operator, and developer of the port in Rotterdam, located in the Netherlands. (Rec. Doc. 12, ¶ 2, Plaintiff's Amended Complaint). Plaintiff alleges that on June 23, 2018, a vessel owned by the Defendant, named the M/T BOW JUBAIL, collided with a jetty in the Port of Rotterdam in the Netherlands. *Id.* at ¶ 8. This crash ruptured one of the vessel's fuel tanks and caused its bunker fuel to spill into the water. *Id.* at ¶ 9.

After the spill, the M/T BOW JUBAIL left Rotterdam without providing any type of security to the Port Authority. (Rec. Doc. 23-1, p. 1, Plaintiff's Motion for Judgment on the Pleadings). However, the Port Authority discovered that the M/T BOW JUBAIL and its NCC owned sister ship, the M/T BOW RIYAD, were headed to ports in the United States. *Id.* The Port Authority then filed an *in rem* action to arrest the M/T BOW JUBAIL in Texas and an action to attach the M/T BOW RIYAD. *Id.* at 1-2. The BOW RIYAD arrived in Louisiana first

and was attached in this District. *Id.* at 2. Subsequently, the Defendant provided the Plaintiff with a Letter of Undertaking stating that the Defendant agreed to post security for $34,000,000 and appear in this Court to respond to both the *in personam* claim secured by the attachment of both ships and the *in rem* claim against the M/T BOW JUBAIL. *Id.* at 2.

Plaintiff Port Authority claims that it has suffered approximately €28,750,000 of damages consisting of cleanup costs, physical damage, economic loss, and potential claims from third parties. (Rec. Doc. 15, ¶ 11, Plaintiff's Amended Complaint).

Having answered the Plaintiff's complaint, Defendant NCC now moves this Court to dismiss or transfer this case to the Netherlands pursuant to the doctrine of forum non conveniens. (Rec. Doc. 21, Defendant's Motion to Transfer).

## II. __DISCUSSION__

### a. Governing Standards

In resolving a forum non conveniens issue "the ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice." *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir.1986) *(*quoting *Koster v. Lumbermen's Mut. Casualty Co.*, 330 U.S. 518, 527 (1947)). "The general principle of the doctrine 'is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized.'" *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir.1999) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947)).

The first step in a forum non conveniens analysis is to determine whether there exists an adequate and available alternative forum for resolution of the dispute. *Syndicate 420 at Lloyd's London*, 796 F.2d at 828 (*citing Perusahaan Umum Listrik Negara Pusat v.*

*M/V Tel Aviv*, 711 F.2d 1231, 1238 (5th Cir.1983)). The second step of the forum non

conveniens inquiry involves the balancing of public and private interest factors.

> The private interest factors to be considered by the Court relate primarily to the convenience of the litigants. They include:
>
>> (1) the relative ease of access to sources of proof;
>>
>> (2) the availability of compulsory process to secure the attendance of witnesses;
>>
>> (3) the cost of attendance for willing witnesses;
>>
>> (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors relevant to the analysis are:
>
>> (1) the administrative difficulties flowing from court congestion;
>>
>> (2) the local interest in having localized controversies decided at home;
>>
>> (3) the familiarity of the forum with the law that will govern the case;
>>
>> (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.
>
> *Syndicate 420 at Lloyd's London*, 796 F.2d at 831 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

In balancing these public and private interest factors, the Fifth Circuit has

emphasized that "no one private or public interest factor should be given conclusive weight."

*Dickson Marine Inc.*, 179 F.3d at 342. Furthermore, a plaintiff's choice of forum is "entitled

to great weight in the balancing of factors, and unless the balance strongly favors the

defendants, the plaintiff's choice of forum should not be overturned." *Syndicate 420 at

Lloyd's London*, 796 F.2d at 831 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508

(1947)).[1]

---

[1] The Court notes that this presumption applies even in favor of foreign plaintiffs. *See Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv,* 711 F.2d 1231, 1240 (5th Cir. 1983).

### b. Analysis

Here, for the first step of the forum non conveniens analysis, both parties have identified the Netherlands as an available and alternative forum.[2] Thus, this requirement is satisfied.

Next, the second step of the analysis requires this court to weigh the private and public interest factors.

The Defendant's key contention for these private and public interest factors is that the scene of the accident, and any relevant evidence, is located in the Netherlands. (Rec. Doc. 21-2, p. 3, Defendant's Motion to Dismiss or Transfer). Further, Dutch law will need to be applied to resolve this case. (Rec. Doc. 40, p. 6, Defendant's Reply). Lastly, all of the parties' witnesses will either be Dutch or foreign nationals, and the parties will need Dutch experts to analyze the relevant evidence. *Id.* This will cause the parties to endure enormous costs as they fly these witnesses and experts between New Orleans and the Netherlands. (Rec. Doc. 21-2, p. 4, Defendant's Motion to Dismiss or Transfer).

Conversely, the Plaintiff contends that the Netherlands will be no more convenient for the parties than the Eastern District of Louisiana. (Rec. Doc. 34, p. 10, Plaintiff's Opposition). The Plaintiff argues that most of its evidence is in the form of documentation and invoices, which are kept primarily in English. *Id.* Further, because most of the defendant's witnesses are located in neither the Netherlands nor New Orleans, either forum will be equally inconvenient. *Id.* at 11. Lastly, the Plaintiff contends that, because of the strict liability imposed by the International Convention on Civil Liability for Oil Pollution

---

[2] The Plaintiff's Opposition specifically states, "[t]hat the Netherlands meets this standard is not in dispute here." (Rec. Doc. 34, p. 4, Plaintiff's Opposition). The Defendant also agrees with this position. (Rec. Doc. 21-2, p. 2, Defendant's Motion to Dismiss or Transfer).

Damage, this Court will only need to calculate damages instead of applying or interpreting complex Dutch law. *Id.* at 13-14.

After considering the parties' arguments and the relevant public and private interest factors, this Court finds that the Defendant has overcome its burden of proving why this case should be heard in the Netherlands instead of New Orleans.[3] For instance, none of the parties, witnesses, or sources of proof reside in the Eastern District of Louisiana, or in this country. Furthermore, the Eastern District possesses no public interest in seeing this action proceed to trial in its forum. Like previous Fifth Circuit cases, Plaintiff Port Authority's sole meaningful interest in retaining jurisdiction in the Eastern District is satisfied by a conditional dismissal, namely, requiring the security described in the Defendant's Letter of Undertaking to be transferred to a competent Dutch court. *See M/V Tel Aviv*, 711 F.2d at 1238-39; *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1249 (5th Cir. 1983); (Rec. Doc. 23-2, Defendant's Letter of Undertaking). Lastly, this Court is unpersuaded by the Plaintiff's arguments that some of its evidence will be in Dutch instead of English and that the Netherlands and New Orleans will both be equally burdensome for the witnesses in this case. More specifically, because this incident happened entirely in the Netherlands, it should be litigated there. Thus, this Court chooses to exercise its discretion by dismissing this case under forum non conveniens.[4]

---

[3] As an aside, the Court notes that the existence of Rule B and C attachments do not always place a heightened burden on defendants like NCC. Although the Plaintiff stated that a defendant in NCC 's position must prove an inconvenience "tantamount to injustice," this is not the case. (Rec. Doc. 34, p. 7, Plaintiff's Opposition). Instead, as noted by Fifth Circuit precedent, defendants only must overcome this heightened standard when plaintiffs lack an adequate and available alternative forum. *M/V Tel Aviv*, 711 F.2d at 1238-39. However, and like in *M/V Tel Aviv*, this problem does not exist here because NCC posted security which will transfer to the alternative forum, namely, the Netherlands, upon this Court's conditional dismissal. *See id.* at 1239; (Rec. Doc. 23-2, Defendant's Letter of Undertaking).

[4] This Court also notes that the Plaintiff's own Terms and Conditions seems to suggest its desire to

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss or Transfer (Rec. Doc. 21)** filed by the Defendant National Chemical Carriers Ltd. Co. is **GRANTED**. This matter is dismissed without prejudice. However, this dismissal is conditioned on the willingness of the Defendant National Chemical Carriers Ltd. Co to (1) submit to the jurisdiction of the proper Dutch court for any action the Plaintiff commences in the Netherlands, based on these facts, within 90 days from the date of this Order, (2) waive any applicable statute of limitation periods, except those which can be raised in the present action, and (3) transfer the security noted in the Defendant's Letter of Undertaking (Rec. Doc. 23-2) to the appropriate Dutch forum where the Plaintiff Havenbedrijf Rotterdam N.A. files suit. If the Defendant fails to follow any of these three requirements, this failure will be deemed to constitute "any other reason that justifies relief" under Federal Rule of Civil Procedure 60(b)(6) for relief for the judgment upon motion by the Plaintiff. In this event, this Court shall retain jurisdiction over this matter, and, if necessary, set aside the judgment and restore this case to the trial docket.

**IT IS FURTHER ORDERED** that the Plaintiff's **Motion for Judgment on the Pleadings (Rec. Doc. 23)** is **DENIED** as **MOOT**.

September 16, 2019

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

litigate disputes exclusively in the Netherlands. The relevant provision notes that "[t]he competent court in the district of Rotterdam will have in the first instance *exclusive competence* over any disputes that may arise in connection with these General Terms and Conditions." Rec. Doc. 21-2, p. 7, (Defendant's Motion to Dismiss or Transfer) (emphasis added).